CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
5/23/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Harrisonburg Division**

| | |
|---|---|
| ALICE B. SHIFFLETT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 5:19-cv-00041 |
| MEDLINE INDUSTRIES, INC., | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Now comes Plaintiff Alice B. Shifflett, and for her Complaint against Defendant Medline Industries, Inc., states as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff Alice B. Shifflett is a citizen and resident of the Commonwealth of Virginia, residing in Harrisonburg, Virginia.

2. Defendant Medline Industries, Inc. is a corporation organized and existing under the laws of the state of Illinois and having its principal place of business in Illinois. It may be served with process through its registered agent, Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, Virginia 23219.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiff and Defendant in this matter. The amount in controversy exceeds $75,000, exclusive of fees and costs.

4. Venue is proper in this Court, as the acts complained of occurred in the Western District of Virginia.

5. This Court has personal jurisdiction over Defendant.

## II. FACTS

6. Defendant designed, manufactured, and assembled a rolling walker, model number MDS86850ESKD (the "Walker").

7. The Walker features four casters. Two of the casters swivel, while two are fixed.

8. The swiveling casters are each connected to the Walker by means of a bolt, which threads into the leg tube of the Walker.

9. Defendant designed the Walker such that the bolt is secured with a roll pin (also known as a spring pin or tension pin). The roll pin prevents the swiveling caster from becoming detached from the Walker.

10. A roll pin is a self-securing device, and does not require any further type of fastening to hold it in place. It is held in place by friction generated from the spring action of the roll pin.

11. The bolt and its roll pin are the only means by which the swiveling casters are secured to the Walker. The swiveling casters are not secured by any other type of device.

12. Plaintiff purchased and used the Walker on a handful of occasions. In each instance, she used the Walker in the proper manner, according to Defendant's instructions.

13. Plaintiff properly stored the Walker when not in use.

14. At no time did Plaintiff or anyone else damage, modify, repair, or disassemble the Walker.

15. Defendant did not manufacture and/or assemble the Walker according to its design, in that it was missing the roll pin securing one of the swiveling casters when it left Defendant's hands.

16. Alternatively, Defendant manufactured the Walker with a roll pin of the wrong size, which fell out of the swiveling caster assembly.

17. This defective and unreasonably dangerous condition existed at the time the Walker left the Defendant's hands.

18. Plaintiff did not detect the absence of the roll pin, nor could she reasonably have been expected to do so. Only a very close examination would reveal the absence of the roll pin, and it is not reasonable to expect users of the Walker to make this type of detailed inspection.

19. These dangerous and defective conditions were unknown and invisible to Plaintiff or to anyone else. The conditions could not be detected by an ordinary and foreseeable user of the Walker.

20. Defendant did not provide any warnings or instructions concerning these defective and unreasonably dangerous conditions.

21. Users of a walker, including Plaintiff, are entitled to rely on Defendant to properly manufacture the device and to properly assemble it.

22. Proper manufacture and assembly of the Walker according to Defendant's own design requires installation of the properly-sized roll pin to secure the swiveling casters.

23. On November 4, 2018, Plaintiff was properly using the Walker. A swiveling caster detached from the Walker while Plaintiff was using it.

24. The swiveling caster detached from the Walker because there was no roll pin securing it in place. The absence of a roll pin was due to Defendant's improper manufacture and/or assembly of the Walker, as set forth herein.

25. Separation of the swiveling caster from the Walker caused Plaintiff to fall and seriously injure herself.

26. But for the improper assembly and manufacture of the Walker as described herein, the swiveling caster would not have detached. If the swiveling caster had not detached, Plaintiff would not have fallen.

3

27. Plaintiff is in no way at fault for her injuries.

28. As a result of the Medline's actions or inactions as described herein, Plaintiff suffered a shattered left shoulder and other injuries. She was forced to endure extreme pain from her injury, and required multiple medical procedures and surgeries in an effort to repair the injuries. Ultimately, she was required to undergo extensive surgery to repair and replace her left humerus and shoulder.

### III. CLAIMS AND CAUSES OF ACTION

29. Defendant owed Plaintiff numerous duties, including:

   a. The duty to use ordinary care in the design, manufacture, construction, and assembly of a product so that it is reasonably safe for its intended purpose and for any other reasonably foreseeable purpose.

   b. The duty to give an adequate warning of a danger of which Defendant knows, or by the use of ordinary care should know, that is not obvious or readily discoverable by Plaintiff, and from which injury reasonably could be anticipated.

30. Defendant breached these duties and was negligent as described herein.

31. Plaintiff's injuries and damages are the direct and proximate result of Defendant's breach of these duties, as set forth herein.

32. As a proximate result of the acts and omissions of Defendant as described herein, Plaintiff suffered and will continue to suffer severe and permanent physical injuries, mental anguish and distress of mind, humiliation, pain, and suffering.

33. Plaintiff seeks to be fully and fairly compensated to the fullest extent permitted under Virginia law for her injuries and damages.

34. Defendant made numerous implied warranties to Plaintiff, including:

4

27528/1/8840586v1  Case 5:19-cv-00041-MFU   Document 1   Filed 05/23/19   Page 4 of 6   Pageid#: 4

a. The implied warranty that the Walker would be fit for the purposes for which it is ordinarily used;

b. The implied warranty that the Walker would pass without objection in the industry in which it was sold;

c. The implied warranty that the Walker would contain adequate warnings that the Walker was designed, manufactured, and/or assembled in such a way that it could fail as described herein; and

d. The implied warranty that the Walker was otherwise merchantable under the applicable law.

35. Defendant breached these implied warranties and was negligent as described herein.

36. The Walker was in a defective and unreasonably dangerous condition on November 4, 2018. This defective and unreasonably dangerous condition existed when the Walker left Defendant's hands.

37. The Walker was unreasonably dangerous in that it was defective in assembly or manufacture and was unaccompanied by adequate warnings concerning its hazardous properties as described herein.

38. Defendant foresaw, or should have foreseen, that this unreasonably dangerous condition would pose a significant risk to individuals using the Walker.

39. Defendant knew, or in the exercise of reasonable care, should have known that the Walker was to be used without inspection for defects by individuals such as Plaintiff. Defendant was aware, or in the exercise of reasonable care, should have been aware that the Walker has been designed and manufactured in a way that made it unreasonably dangerous to its users. In

spite of this danger, Defendant failed to provide any warnings and instructions to users of the Walker, including Plaintiff.

40. Plaintiff's injuries and damages are the direct and proximate result of Defendant's breach of these implied warranties, as set forth herein.

41. As a proximate result of the acts and omissions of Defendant as described herein, Plaintiff suffered and will continue to suffer severe and permanent physical injuries, mental anguish and distress of mind, humiliation, pain, and suffering.

42. Plaintiff seeks to be fully and fairly compensated to the fullest extent permitted under Virginia law for her injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of five million dollars ($5,000,000.00) in compensatory damages, together with pre-judgment interest, post-judgment interest, all recoverable costs and fees, and such other and further relief as to which she is entitled.

**PLAINTIFF REQUESTS A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

ALICE B. SHIFFLETT

By: _/s/ Travis J. Graham_
Travis J. Graham (VSB No. 75818)
Andrew M. Bowman (VSB No. 86754)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
Roanoke, VA 24011
P.O. Box 40013
Roanoke, Virginia 24022-0013
Telephone: (540) 983-9300
FAX: (540) 983-9400

*Counsel for Plaintiff*